UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| TERRESTAR CORPORATION, *et al.*, | Case No. 11-10612 (SHL) |
| Reorganized Debtors. | Jointly Administered |
| In re: | Chapter 11 |
| TERRESTAR NETWORKS INC., *et al.*, | Case No. 10-15446 (SHL) |
| Reorganized Debtors. | Jointly Administered |
| JEFFREY M. SWARTS and PATRICIA E. SWARTS, | On Appeal from the United States Bankruptcy Court for the Southern District of New York |
| Appellants, | |
| v. | Case No. 1:13-cv-02650-RJS |
| TERRESTAR CORPORATION, *et al.*, and TERRESTAR NETWORKS INC. LIQUIDATING TRUSTEE, | |
| Appellees. | |

**OPPOSITION OF APPELLEE-TSN LIQUIDATING TRUSTEE IN RESPONSE TO
APPELLANTS' OPENING BRIEF AND SUPPLEMENTAL SUBMISSION**

David M. Posner
Kevin Zuzolo
OTTERBOURG, STEINDLER,
HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169
Tel: (212) 661-9100
Fax: (212) 682-6104

*Counsel to Appellee-TSN Liquidating Trustee*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................(iv)

COUNTERSTATEMENT OF ISSUES ON APPEAL............................................ 1

STANDARD OF REVIEW .................................................................................. 2

STATEMENT OF THE CASE.............................................................................. 2

     A.    Background ................................................................................ 2

     B.    The TSN Chapter 11 Cases and Establishment of the Liquidating Trust .............. 3

     C.    The Appellants' Claims ............................................................ 4

ARGUMENT ...................................................................................................... 6

     A.    Summary of Argument ............................................................. 6

     B.    The Bankruptcy Court Did Not Abuse Its Discretion in Denying Appellant's Motion for Reconsideration ................................. 7

          1.    The Appellants Are Not Creditors of the TSN Debtors............................ 9

          2.    The Appellants Did Not Timely File a Claim Against the TSN Debtors................................................................... 12

     C.    The Appellants Cannot Withdraw the Reference with Respect to the Swarts TSN Claim to the District Court. .......................... 16

CONCLUSION................................................................................................... 17

APPENDIX                                                                                                  TAB

Order (A) Setting Bar Dates for Filing Proofs of Claim, (B) Approving the Form and
Manner for Filing Proofs of Claim and (C) Approving Notice Thereof dated November 8,
2010 (Lane, J.) [TSN Docket No. 92] ("**Bar Date Order**") .................................................   1

TSN Proof of Claim No. 129 filed by Jeffrey M. and Patricia E. Swarts ("**Swarts TSN
Claim**") ...................................................................................................................................   2

TSN Debtors' First Omnibus Objection and Objection to Certain Proofs of Claim
(Duplicate, Filed in Wrong Case, Amended and Superseded, Already Completely or
Partially Satisfied, Not in Compliance with Applicable Rules, and Equity Interests) dated
May 16, 2011 [TSN Docket No. 59]) .................................................................................   3

TSN Debtors' (1) Reply in Further Support of the Omnibus Claims Objection and (2)
Supplemental Objection to Proof of Claim Filed by Jeffrey M. and Patricia E. Swarts with
Debtors' Reply in Further Support of Objection and Supplemental Objection filed January
26, 2013 [TSN Docket No. 902] ..........................................................................................   4

TSN Debtors' Joint Reply to Declaration of Jeffrey M. Swarts' Notice of Discovery
Request and to Claim Objection   Response of Jeffrey M. Swarts filed March 12, 2012
[TSN Docket No. 945] ..........................................................................................................   5

Transcript of Hearing Held March 16, 2012 Before Hon. Sean H. Lane (U.S. Bankr.
Court/S.D.N.Y.) ....................................................................................................................   6

Transcript of Hearing Held March 30, 2012 Before Hon. Sean H. Lane (U.S. Bankr.
Court/S.D.N.Y). .....................................................................................................................   7

Order Granting   TSN Debtors' Objection to Claim of Jeffrey M. and Patricia E. Swarts
(Claim No. 129) filed April 6, 2012   [TSN Docket No. 902] ..............................................   8

Derivative Claims of Jeffrey M. Swarts/Motion for Reconsideration Under Rules 3008,
9024 & FRC 60 & 59 and the 5th and 14th Amendments of the U.S. Constitution v.
Terrestar Corporation (Claim # 142), TSN (Claim # 129) and Loral Space and
Communications TSN (Claim # 43) filed October 1, 2012 [TSN Docket No. 1035]
("**Reconsideration Motion**") ..............................................................................................   9

Memorandum of Decision and Order Denying Motion for Reconsideration (Lane, J.) filed
February 28, 2013 [TSN Docket No. 1084] ("**Reconsideration Order**") ...........................   10

Notice of Appeal filed by Jeffrey M. and Patricia E. Swarts on March 13, 2013 [TSN
Docket No. 1089] ...................................................................................................................   11

<u>APPENDIX</u>                                                                                              <u>TAB</u>

Statement of Issues and Designation of Items by Jeffrey M. and Patricia E. Swarts in Connection with Appeal of   Bankruptcy Court Orders TSC # 730 and TSN # 1084 dated March 24, 2013 (U.S.D.C./S.D.N.Y. Docket No. 2) ("**Appellants' Initial Submission**") ..   12

Supplemental Submission of the Swarts Claimants (Jeffrey M. and Patricia E. Swarts) Pursuant to United States District Court Order and Motion to Withdraw and Reconsider *de novo* the Swarts' Claims Pursuant to 28 USC § 157(d) & Rule 5011 dated July 4, 2013 ("**Appellants' Supplemental Submission**") ........................................................................   13

TABLE OF AUTHORITIES

**Page**

**Cases**

*Altman v. Connally,* 456 F.2d 1114 (2d Cir. 1972)..................................................................... 2

*In re Aquatic Dev. Group, Inc.,* 352 F.3d 671 (2d Cir. 2003) ..................................................... 2

*In re Chateaugay Corp.*, 104 B.R. 622 (S.D.N.Y. 1989) ............................................................. 16

*In re Enron Corp.*, 298 B.R. 513 (Bankr. S.D.N.Y. 2003) ........................................................... 13

*In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*,
    194 B.R. 728 (S.D.N.Y. 1995)................................................................................................ 2

*In re Ionosphere Clubs, Inc.*, 103 B.R. 501 (Bankr. S.D.N.Y. 1989)........................................... 8

*In re XO Commc'ns*, 301 B.R. 782 (Bankr. S.D.N.Y. 2003)......................................................... 13

*Kirschenbaum v. Leeds Morelli & Brown P.C. (In re Robert Plan of New York Corp.)*,
    456 B.R. 150 (Bankr. S.D.N.Y. 2011) .................................................................................... 10

*Lora v. O'Heaney*, 602 F.3d 106 (2d Cir. 2010)............................................................................ 8

*Min Jin v. Metro. Life Ins. Co.*, No. 95-4427, 2003 U.S. Dist. LEXIS 10430
    (S.D.N.Y. June 20, 2003), *aff'd*, No. 03-7662, 2004 U.S. App. LEXIS 3383
    (2d Cir. Feb. 23, 2004)........................................................................................................... 14

*Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380 (1993).................................................. 13

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390 (S.D.N.Y. 2000).................. 7

*Ritter Ranch Dev. v. City of Palmdale (In re Ritter Ranch Dev.)*, 255 B.R. 760
    (B.A.P. 9th Cir. 2000)............................................................................................................. 10

*Rodriguez-Antuna v. Chase Manhattan Bank Corp.,* 871 F.2d 1 (1st Cir. 1989) ........................ 2

*Roslyn Sav. Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571 (2d Cir. 1983)...... 9

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) ........................................................... 7

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2d Cir. 2003)................................................ 13

*United States v. Torres*, 372 F.3d 1159 (10th Cir. 2004).............................................................. 14

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992).......................... 7

**Statutes**

11 U.S.C. § 101(5) ......................................................................................................................... 15

28 U.S.C. 157(d) ............................................................................................................................ 7

**Rules**

Fed. R. Bankr. P. 3003 ..................................................................................... 12

Fed. R. Bankr. P. 3003(c) ................................................................................ 13

Fed. R. Bankr. P. 5011 ...................................................................................... 7

Fed. R. Bankr. P. 8002(a) and (b) .................................................................... 2

Fed. R. Bankr. P. 9006 ..................................................................................... 13

Fed. R. Bankr. P. 9006(b)(1) ........................................................................... 13

Fed. R. Bankr. P. 9023 ....................................................................................... 8

Fed. R. Bankr. P. 9024 ....................................................................................... 8

Fed. R. Civ. P. 59 .................................................................................... 6, 8, 9

Fed. R. Civ. P. 59(e) .......................................................................................... 7

Fed. R. Civ. P. 60 .................................................................................... 6, 8, 9

Fed. R. Civ. P. 60(b) ........................................................................................... 8

Local Bankr. Rule 9023-1 ................................................................................. 8

**Other Authorities**

9 *Collier on Bankruptcy* ¶ 5011.01[1][c] ................................................... 16

FTI Consulting Inc., as the liquidating trustee (the *"TSN Liquidating Trustee"*) for the TerreStar Networks Inc. Liquidating Trust (the *"TSN Liquidating Trust"*), the trust established pursuant to the confirmed plan of reorganization for TerreStar Networks Inc. and its affiliated debtors and debtors in possession (collectively, the *"Reorganized TSN Debtors,"* and, before the effective date of the confirmed plan of reorganization, the *"TSN Debtors"*) submit this brief (a) in opposition to the appeal of Jeffrey M. Swarts and Patricia E. Swarts (collectively, the *"Appellants"*) from the order of the Bankruptcy Court that denied their motion to reconsider the disallowance of their claim against the TSN Debtors; and (b) in response to the Appellants' Statement of Issues and Designation of Items [Appeal Docket No. 2] (the *"Appellants' Initial Submission"*) and Appellants' Supplemental Submission, dated as of July 4, 2013 (the *"Appellants' Supplemental Submission"*).[1]

## COUNTERSTATEMENT OF ISSUES ON APPEAL

The Appellants do not succinctly state the issues on appeal in their submissions to the Court, however, the Appellants have identified the Bankruptcy Court orders from which they appeal.  The TSN Liquidating Trustee submits that the Appellants are unable to appeal the underlying orders denying the Appellants' claims and may only appeal the order denying the Appellants' motion for reconsideration.[2]  The TSN Liquidating Trustee submits that the issue

---

[1]  The TSN Liquidating Trustee was served with the Appellants' Supplemental Submission, but, for reasons unknown, the Appellants' Supplemental Submission does not appear to have been docketed in this appeal.   The Appellants' Supplemental Submission has been appended to this brief at Appendix 13.

[2]  Pursuant to its order dated June 12, 2013, this Court directed Appellants to identify the specific orders of the Bankruptcy Court that are the subject of this appeal.  In Appellants' Supplemental Submission, three orders were identified: (A) Memorandum of Decision and Order Denying Motion for Reconsideration (Filed 2/28/2013) [TSC Bankr. Docket #730; TSN Bankr. Docket #1084]; (B) Order Granting TSN Debtors' Objection to Claim of Jeffrey M. And Patricia E. Swarts (Claim No. 129) [TSN Bankr. Docket #963] (Filed 4/6/2012); and (C) Order Granting TSC Debtors' Objection to Claim of Jeffrey M. And Patricia E. Swarts (Claim No. 142) [TSC Bankr. Docket #455] (Filed 4/6/2012). [Appellants' Supplemental Submission ¶ 60] (Appendix 13).   The Appellants did not file a notice of appeal with respect to the Bankruptcy Court's orders granting the objections to the Appellants' claims

presented on this appeal that is relevant for purposes of the TSN Debtors' chapter 11 cases is whether the Bankruptcy Court abused its discretion in denying Appellants' motion for reconsideration of the Bankruptcy Court's disallowance of Claim #129 filed by the Appellants against the TSN Debtors.

## STANDARD OF REVIEW

The appeal of a Bankruptcy Court's denial of a motion for reconsideration is reviewable only for abuse of discretion. *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 194 B.R. 728, 731 (S.D.N.Y. 1995). *See also Altman v. Connally,* 456 F.2d 1114 (2d Cir.1972) (applying abuse of discretion standard to appeal from decision on motion to vacate a judgment). A court abuses its discretion when its decision "(i) rest[s] on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding," or (ii) "though not necessarily the product of legal error or clearly erroneous factual finding[,] cannot be located within the range of permissible decisions." *In re Aquatic Dev. Group, Inc.,* 352 F.3d 671, 678 (2d Cir. 2003).

## STATEMENT OF THE CASE

### A.    Background

This is an appeal of an order entered simultaneously in two separate bankruptcy cases: (1) the chapter 11 cases of the TSN Debtors and (2) the chapter 11 cases of TerreStar Corporation and its affiliated debtors and debtors in possession (collectively, the "***TSC Debtors***").

---

within the 14-day time period required by Bankruptcy Rule 8002(a). Similarly, the motion to reconsider did not toll the time period to appeal the orders because it was not filed within 14 days as required by Bankruptcy Rule 8002(b). The only timely notice of appeal filed by Appellants was with respect to the Bankruptcy Court's Order Denying the Motion for Reconsideration. Accordingly, this appeal should only be considered with respect to Reconsideration Order (as defined herein). *See, e.g.*, *Rodriguez-Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 2 (1st Cir. 1989) ("a punctual appeal from an order denying [a post-judgment] motion does not automatically produce a Lazarus-like effect; it cannot resurrect appellants' expired right to contest the merits of the underlying judgment, nor bring the judgment itself [up] for review").

The TSN Debtors and the TSC Debtors are related entities, but the bankruptcy cases are separately administered.[3]   The Honorable Sean H. Lane, United State Bankruptcy Judge for the Southern District of New York, has presided over both the TSN Debtors' and the TSC Debtors' chapter 11 cases.

As described in more detail below, following the effective date of the TSN Debtors' chapter 11 plan of reorganization, the TSN Liquidating Trustee succeeded to the rights of the TSN Debtors with respect to unsecured claims and certain other rights and duties set forth in the Trust Agreement (defined below).   Through this succession, the TSN Liquidating Trustee has the responsibility of defending against the continuing claim and other litigation that the Appellants have asserted against the TSN estates, including this appeal.   This brief primarily addresses issues with respect to the proof of claim that Appellants filed against the TSN Debtors and the appropriate disallowance of same.

**B.     The TSN Chapter 11 Cases and Establishment of the Liquidating Trust**

On October 19, 2010 (the "***Petition Date***"), each of the TSN Debtors filed a petition with the Bankruptcy Court pursuant to chapter 11 of the Bankruptcy Code.   Throughout their chapter 11 cases, the TSN Debtors operated their business and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On February 15, 2012, the Bankruptcy Court entered an order (the "***Confirmation Order***") [TSN Bankr. Docket No. 922] confirming the Joint Chapter 11 Plan of TerreStar Networks Inc., *et al.* (the "***TSN Plan***").   The effective date of the TSN Plan occurred on March 29, 2012 (the "***Effective Date***").   On the Effective Date, the TSN Liquidating Trust was

---

[3]  TerreStar Corporation was the 89% majority owner of TerreStar Networks Inc. when the TSN Debtors filed their chapter 11 petitions on October 19, 2010.   TerreStar Corporation ("TSC") and certain affiliated entities filed for chapter 11 relief on February 16, 2011.

established pursuant to the TSN Plan and the TerreStar Networks Inc. Liquidating Trust Agreement, dated as of March 29, 2012, among TerreStar Networks Inc., the Other Affiliated Debtors Party Thereto, and FTI Consulting, Inc., as Trustee (the "***Trust Agreement***").   Pursuant to the TSN Plan and the Trust Agreement, the TSN Liquidating Trust was established for the benefit of holders of Allowed Claims in Class 3 – Unsecured Claims entitled to distributions under the Plan.   Since the Effective Date, the TSN Liquidating Trustee has worked with the Reorganized TSN Debtors to wind-down the TSN Debtors' estates and distribute the proceeds from the sale of the TSN Debtors' assets to unsecured creditors with allowed claims.   Among other things, the Liquidating Trustee is responsible for asserting, prosecuting, settling, compromising, withdrawing, and resolving objections to disputed claims in Class 3.

In addition, a liquidating trust board (the "***Liquidating Trust Board***") was established on the Effective Date.   The Liquidating Trust Board oversees the administration of the TSN Liquidating Trust and, in some instances, approves certain actions contemplated by the TSN Liquidating Trustee.

**C.      The Appellants' Claims**

By order dated November 8, 2010 [TSN Bankr. Docket No. 92] (Appendix 1) (the "***Bar Date Order***"), the Bankruptcy Court established December 10, 2010 (the "***Bar Date***") as the deadline for each non-governmental person or entity asserting a claim against any of the TSN Debtors to file a written proof of claim.   On May 13, 2011, the Appellants filed a proof of claim in the amount of $960,342.13 against the TSN Debtors [TSN Claim No. 129] (Appendix 2) (the "***Swarts TSN Claim***").   The Swarts TSN Claim was based upon Appellants' prior stock holdings in Loral Space & Communications ("***Loral***") that were allegedly eliminated during Loral's own bankruptcy proceeding that occurred between 2003 – 2005.   The claim amount is wholly derived from the value of the Loral shares that Appellants allegedly lost in the Loral

bankruptcy proceeding, plus accrued interest at 6% over a period of 8-plus years, dating back to the alleged suspension of dividend payments on the Loral stock.   [Swarts TSN Claim at 1]. The Swarts TSN Claim asserts a derivative right to recover from the TSN Debtors out of any potential distribution to Loral on the basis of Appellant's long-ago dismissed claims against Loral.   [Addendum to Swarts TSN Claim at 3].   Also on May 13, 2011, Appellants filed a substantially identical claim in the TSC Debtors' cases [TSC Claim No. 142] (the "**Swarts TSC Claim**" and together with the Swarts TSN Claim, the "**Swarts Claims**").

On May 16, 2011, the TSN Debtors objected to the Swarts TSN Claim on the grounds that it was a late-filed claim and filed almost six months after the Bar Date [TSN Bankr. Docket No. 591] (Appendix 3).   On January 26, 2012, the TSN Debtors filed the *Debtors' (I) Reply in Further Support of the Omnibus Claims Objection and (II) Supplemental Objection to Proof of Claim Filed by Jeffrey M. and Patricia E. Swarts* [TSN Bankr. Docket No. 902] (Appendix 4). On the same date, the TSC Debtors also filed an objection to the Swarts TSC Claim.   The Appellants submitted various responses and supporting documents in advance of the hearing on the objections to the Swarts Claims.[4]   The TSC Debtors and the TSN Debtors submitted a joint reply to the Appellants' response on March 12, 2013 (Appendix 5).   A joint hearing in the TSC Debtors' and TSN Debtors' cases on the objections to the Swarts Claims was held on March 16, 2012.   [Tr. March 16, 2012] (Appendix 6).   The Bankruptcy Court reserved judgment on the Swarts Claims and set a supplemental submission deadline of March 23, 2012 to allow the Appellants to submit additional materials.   A telephonic hearing on the Swarts Claims was held on March 30, 2012, when the Bankruptcy Court granted the respective objections of the TSN

---

[4]  Appellants' responses to the claim objections have been designated for inclusion in the record and are found at TSN Bankr. Docket Nos. 940, 948, 951, 952, 953, and 957.

Debtors and the TSC Debtors and disallowed and expunged the Swarts Claims. [Tr. March 30, 2012] (Appendix 7).   The Bankruptcy Court entered an order memorializing its ruling on April 6, 2012 [TSN Bankr. Docket No. 963] (Appendix 8).

Nearly six months later, on or about September 24, 2012, Appellants served a motion (the "**Reconsideration Motion**") for reconsideration pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure (the "**Civil Rules**") and supporting documents relating thereto [TSN Bankr. Docket No. 1035] (Appendix 9).[5]   In accordance with instructions from the Bankruptcy Court's chambers, the TSN Liquidating Trustee did not file a response to the Reconsideration Motion. The Bankruptcy Court denied the Reconsideration Motion by memorandum decision and order entered on February 28, 2013 [TSN Bankr. Docket No. 1084] (Appendix 10) (the "**Reconsideration Order**").

On March 13, 2013, Appellants filed a notice of appeal with respect to the Reconsideration Order [TSN Bankr. Docket No. 1089] (Appendix 11) and filed a statement of issues and designation of record on appeal with respect to the same on March 27, 2013 [Appeal Docket No. 2] (Appendix 12).   The TSN Liquidating Trustee and the Reorganized TSC Debtors filed a joint counter-designation of the record on appeal on April 8, 2013 [TSN Bankr. Docket No. 1095].   Pursuant to this Court's order dated June 12, 2013, the Appellants served their Supplemental Submission on or about July 5, 2013 (Appendix 13).

## ARGUMENT

### A.     Summary of Argument

The Bankruptcy Court did not abuse its discretion in denying the Reconsideration Motion.   The Bankruptcy Court has given the Appellants more than ample opportunity to

---

[5]   At the request of the Bankruptcy Court, the TSN Liquidating Trustee filed the Reconsideration Motion on the Bankruptcy Court's docket on October 1, 2012.

present their asserted claims, but the Bankruptcy Court has consistently found that Appellants' claims against the TSN Debtors' are unfounded.   Most importantly, the Bankruptcy Court has repeatedly ruled that the Appellants do not have standing to assert "derivative" claims through Loral against the TSN Debtors.   The Bankruptcy Court also disallowed Appellants' claims as untimely.   There is nothing in the record that would support disturbing the Bankruptcy Court's decision and finding that the Bankruptcy Court abused its discretion in declining to reconsider its prior orders.   Accordingly, the decision of the Bankruptcy Court to deny the Reconsideration Motion should be affirmed.

Additionally, Appellants appear to attempt to withdraw the reference with respect to their claims to this Court pursuant to 28 U.S.C. 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").   Appellants request must be denied.   The order disallowing the Swarts TSN Claim was a final order and there is no basis to withdraw the reference with respect to a claim that has already been adjudicated by the Bankruptcy Court.

**B.     The Bankruptcy Court Did Not Abuse Its Discretion in Denying Appellants' Motion for Reconsideration.**

The standard for reconsideration should be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).   Consequently, when a final order has been entered, reconsideration of that order under Civil Rule 59(e) should only be granted upon one of the following grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.   *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that "reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); *In re Ionosphere Clubs, Inc.*, 103 B.R. 501, 503 (Bankr. S.D.N.Y. 1989) (same).

Civil Rule 59 is made applicable to bankruptcy proceedings by Bankruptcy Rule 9023. Bankruptcy Rule 9023 and Local Rule 9023-1 of the Local Rules for the Bankruptcy Court of the Southern District of New York require that a motion for reargument of a court order be served within 14 days after entry of the Bankruptcy Court's order determining the original motion.    As a result, a motion for reconsideration served following 14 days after entry of a court's order will be considered under Civil Rule 60(b), as made applicable to bankruptcy cases under Bankruptcy Rule 9024. *See Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (an untimely motion for reconsideration is treated as a Rule 60(b) motion).

Civil Rule 60(b) enumerates six grounds for relief from a final judgment, order or proceeding, including (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief.    Fed. R. Civ. P. 60(b).

The Appellants' Reconsideration Motion purported to invoke Civil Rules 59 and 60. The Bankruptcy Court held in its Reconsideration Order that the Appellants were prevented from obtaining relief under Civil Rule 59 because the Reconsideration Motion was not filed within 14 days after entry of the order disallowing the Swarts Claims.    [Reconsideration Order at 5]

(Appendix 10).   The Bankruptcy Court further found that, in any event, the Reconsideration Motion failed on the merits in light of the strict standard for granting relief pursuant to Civil Rule 59.   *Id.*   The Bankruptcy Court also denied relief under Civil Rule 60 because Appellants were attempting to revisit issues previously addressed by the Bankruptcy Court.   Judge Lane concluded that the Appellants had not presented any new evidence or arguments sufficient to change the outcome of the Bankruptcy Court's decision to disallow the Swarts TSN Claim and the two primary reasons for that decision: (1) the Appellants are not creditors of the TSN Debtors; and (2) the Appellants did not timely file the Swarts TSN Claim.

### 1.   The Appellants Are Not Creditors of the TSN Debtors.

The Appellants are former shareholders of Loral – they are not creditors of the TSN Debtors.   The Appellants have argued time and time again before the Bankruptcy Court regarding alleged wrongdoing and amounts owed by Loral to Appellants in connection with Loral's long-ago completed chapter 11 cases.   In that regard, the Appellants tried to assert a "derivative" claim against the TSN Debtors through Loral because Loral is a creditor of the TSN Debtors.   The "derivative" nature of the Appellants claim is clear – nearly all of the Appellants submissions to the Bankruptcy Court have unambiguously identified the claim as such.

The Bankruptcy Court has repeatedly told the Appellants that "being a creditor in the Loral Bankruptcy and being dissatisfied with the result in that case did not give [the Appellants] standing to assert a claim against the [TSN] Debtors."   [Reconsideration Order at 3] (Appendix 10).   This is well-settled law.   A creditor of a creditor of a chapter 11 debtor does not thereby gain standing as a creditor in the debtor's chapter 11 case.   *See Roslyn Sav. Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571, 574 (2d Cir. 1983) (finding that a creditor of a lessor with a claim against its lessee, a chapter 11 debtor, was not a creditor of the chapter 11

debtor and therefore did not have standing); *Ritter Ranch Dev. v. City of Palmdale (In re Ritter Ranch Dev.)*, 255 B.R. 760, 765 (B.A.P. 9th Cir. 2000) ("[T]here is authority that creditors or a debtor's creditors do not hold any 'claim' against the debtor itself."); *Kirschenbaum v. Leeds Morelli & Brown P.C (In re Robert Plan of New York Corp.*), 456 B.R. 150, 156 (Bankr. S.D.N.Y. 2011) ("The only interest LMB had . . . was for contingency fees owed by [creditor] . . . . At no point did LMB have a direct right to payment from RPC, and therefore LMB never became a creditor of RPC.")

In the Bankruptcy Court's bench decision granting the TSN Debtors' objection to the Swarts TSN Claim, the Bankruptcy Court held that Appellants were not creditors of the TSN Debtors. ("Again, I'm sympathetic to Mr. Swarts's position, and it appears that he lost significant amount of money in connection with the Loral bankruptcy, but his claim in the TSN case suffers from the same deficiencies as in the TSC case, namely that it is a claim based on the fact that he is a creditor of Loral.") [March 30, 2012 Tr. 11:12-17] (Appendix 7). The Bankruptcy Court also made clear to Appellants that it did not have jurisdiction to revisit matters previously decided in the Loral Bankruptcy and would not entertain further argument on those issues. ("But my ruling today – and I want to make this very clear – it does foreclose any further argument in these cases by Mr. Swarts regarding his right to any recovery in these cases based on his holdings in Loral, his involvement in Loral, or events in the Loral bankruptcy."). *Id.* at 14:15-19.

The Appellants' Reconsideration Motion did not refute the finding by the Bankruptcy Court – and the fatal deficiency to the Swarts TSN Claim -- that the Appellants are not creditors of the TSN Debtors. Instead, the Reconsideration Motion was largely based on alleged new evidence that Appellants claimed to have obtained in connection with discovery related to

confirmation of the TSC Debtors' proposed plan of reorganization (a matter that is wholly unrelated to the TSN Debtors' bankruptcy cases). The alleged new evidence related to contracts between Loral and the TSN Debtors that Appellants argued should have been disclosed by Loral in the Loral Bankruptcy and that the non-disclosure had an adverse impact on valuation in the Loral Bankruptcy. [Reconsideration Motion at ¶¶ 8, 11] (Appendix 9).

The Bankruptcy Court's Reconsideration Order found that the Appellants had failed to satisfy the high standards for reconsideration. As noted by the Bankruptcy Court, the allegations in the Reconsideration Motion were based upon two principal assertions. [Reconsideration Order at 7] (Appendix 10). First, the Appellants argued that the valuations of the TerreStar assets were inaccurate and used inappropriate methodologies. *Id.* Second, the Appellants alleged various wrongdoings committed against them during the Loral Bankruptcy. *Id.* With respect to the Appellants' first argument, the Bankruptcy Court found that Appellants were given a full opportunity during the TSC Debtors' confirmation hearing held on October 10, 2012 to put on any and all evidence with respect to valuation in connection with Appellants' objection to confirmation.[6] *Id.* With respect to the Appellants' second argument, the Bankruptcy Court noted that the Bankruptcy Court is not the proper forum for raising arguments about the Loral bankruptcy. *Id.*

The submissions to this Court by Appellants in connection with this appeal do not set forth any legitimate basis for disturbing the Bankruptcy Court's prior findings that the Appellants are not creditors of the TSN Debtors. One paragraph in each of Appellants' submissions appears to attack the authority relied on by the Bankruptcy Court in its

---

[6] As noted above, issues related to the confirmation of the TSC Debtors' plan are not relevant for purposes of this appeal with respect the TSN Debtors or the Swarts TSN Claim. The Appellants did not oppose confirmation of the TSN Debtors' plan of reorganization or otherwise participate in the confirmation hearing.

Reconsideration Order.   Appellants state that "[n]owhere in his order does Judge Lane suggest that [the cited] cases involved primary creditors who had maliciously and corruptly eliminated their own ownership and preferred shareholders in bankruptcy.   For this reason, the Swarts Claims and appeal are unique."   [Appellants' Initial Submission ¶ 44; Supplemental Submission ¶ 77] (Appendices 12; 13).   Shortly thereafter, Appellants state that the Bankruptcy Court erred in finding that it does not have jurisdiction to revisit matters previously decided in the Loral Bankruptcy proceedings.   *Id.*

The Appellants' arguments are misguided.   The Bankruptcy Court has consistently informed the Appellants that the elimination of Loral stock in the Loral Bankruptcy does not give rise to a claim against the TSN Debtors.   The Appellants assert continuously that they are the victims of "manifest injustice" and, therefore, the Bankruptcy Court should have granted their requested relief under Civil Rule 59.   The TSN Liquidating Trustee is sympathetic to losses suffered by the Appellants as a result of the Loral Bankruptcy, but those losses do not give the Appellants a claim against the TSN Debtors.   The TSN Liquidating Trustee understands that the Appellants believe their holdings in Loral were wrongly eliminated through the Loral Bankruptcy.   That was a matter, however, to be addressed in Loral's chapter 11 cases – there is no possibility of manifest injustice in the TSN Debtors' cases that would warrant reconsideration of the Bankruptcy Court's prior orders under Civil Rule 59 (putting aside the fact that Appellants' request for relief under Civil Rule 59 was untimely).   Accordingly, there was no abuse of discretion by the Bankruptcy Court.

### 2.   The Appellants Did Not Timely File a Claim Against the TSN Debtors.

The Bankruptcy Court also held that the Swarts TSN Claim was disallowed because it was not timely filed.   [Reconsideration Order at 3] (Appendix 10).   Bankruptcy Rule 3003

authorizes bankruptcy courts to fix the time within which proofs of claims may be filed against a debtor. *See* Fed. R. Bankr. P. 3003(c). The purpose of establishing a deadline for filing proofs of claim is to set a "statute of limitations and effectively exclude such late claims in order to provide the Debtor and its creditors with finality to the claims process and permit the Debtor to make swift distributions under the Plan." *In re XO Commc'ns*, 301 B.R. 782, 797-98 (Bankr. S.D.N.Y. 2003).

If a creditor fails to file a proof of claim within the time fixed by the bankruptcy court under Bankruptcy Rule 3003, then the creditor may seek permission to file its claim late pursuant to Bankruptcy Rule 9006.   Bankruptcy Rule 9006 provides, among other things, for the extension of time periods specified by order of the bankruptcy court "on motion made after the expiration of the specified period to permit the act to be done where the failure to act was the result of excusable neglect." *See* Fed. R. Bankr. P. 9006(b)(1).   The claimant has the burden of proving excusable neglect. *In re Enron Corp.*, 298 B.R. 513, 525 (Bankr. S.D.N.Y. 2003).

The determination of whether excusable neglect exists is an equitable one and governed by the standards set forth in the U.S. Supreme Court's *Pioneer* decision. *See Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380 (1993); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). In making this determination, courts take into account all relevant circumstances, including the following four factors: (a) the danger of prejudice to the debtor, (b) the length of delay and its potential impact on judicial proceedings, (c) the reason for the delay, including whether it was within the reasonable control of the claimant, and (d) whether the claimant acted in good faith. *See Pioneer*, 507 U.S. at 395; *In re XO Commc'ns, Inc.*, 301 B.R. at 796.

The Second Circuit has observed that "the equities will rarely if ever favor a party who 'fails to follow the clear dictates of a court rule' and . . . where 'the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.'" *Silivanch*, 333 F.3d at 366-67 (quoting *Canfield v. Can Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997)). Thus, in applying the *Pioneer* factors, courts have focused on the third factor, *the reason for delay*, in analyzing whether excusable neglect exists. *Id.* at 366; *see also United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (noting that the third factor in the *Pioneer* test is "perhaps the most important single factor" in an excusable neglect analysis); *Min Jin v. Metro. Life Ins. Co.*, No. 95-4427, 2003 U.S. Dist. LEXIS 10430, at *8 (S.D.N.Y. June 20, 2003), *aff'd*, No. 03-7662, 2004 U.S. App. LEXIS 3383 (2d Cir. Feb. 23, 2004) ("The third *Pioneer* factor is often the most important – the reason for the delay, including whether it was within the reasonable control of the movant." (citations and internal quotations omitted)).

The Bar Date Order entered in the TSN Debtors' cases established December 10, 2010 as the deadline for each non-governmental person or entity asserting a claim against any of the TSN Debtors to file a written proof of claim.   [Bar Date Order at 2] (Appendix 1).   The Swarts TSN Claim was filed approximately five months after the deadline on or about May 13, 2011. [Swarts TSN Claim at 1] (Appendix 2).   In the Bankruptcy Court's bench decision disallowing the Swarts TSN Claim, the Bankruptcy Court found that Appellants did not dispute that the claim was late filed.   Instead, Appellants argued that their neglect in failing to timely file the Swarts TSN Claim was excusable because there was no way that Appellants could have known the magnitude of certain Loral and TSN contracts until after the Bar Date and after Loral filed a claim against the TSN Debtors.   [March 30, 2012 Tr. 11:19-12:3] (Appendix 7).   The Bankruptcy Court appropriately took issue with the Appellants' attempt to justify a late claim.

14

The Bankruptcy Court stated that this excuse highlights the problematic nature of the Swarts TSN Claim in that "it's a claim not based on [Appellants'] own rights, but Loral's rights and [Appellants'] rights as a creditor to Loral."   *Id.* at 12:15-21.   Accordingly, the Bankruptcy Court held that the Appellants had failed to meet the excusable neglect standard to permit a late-filed claim.   *Id.* at 12:22-13:1.

The Appellants' Reconsideration Motion did not assert any legitimate basis to revisit the Bankruptcy Court's ruling that the Swarts TSN Claim was untimely.   Instead, the Appellants re-iterated the same excuse that was rejected by the Bankruptcy Court.   [Reconsideration Motion at ¶ 25] (Appendix 9) ("This is the basis of our excusable neglect argument.   There is no way the [Appellants] could have known of the magnitude of this material vendor financing unless we had access to detailed confidential Loral or TerreStar contract information about the financing – and we did not.").   Similarly, on this appeal, the Appellants' submissions continue to set forth the same arguments alleging that Appellants could not have known about the Loral claim against the TSN Debtors until after the TSN Bar Date.   [Appellants' Initial Submission ¶ 48; Supplemental Submission ¶¶ 9, 70] (Appendices 12; 13).

The Appellants have not set forth any facts to support a ruling that the Bankruptcy Court should reconsider its order disallowing the Swarts TSN Claims as late-filed.   As noted by the Bankruptcy Court in its bench decision, a claim is defined broadly under section 101(5) of the Bankruptcy Code to mean a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."   11 U.S.C. § 101(5).   [March 30, 2012 Tr. 12:7-12] (Appendix 7).   Such definition of claim was incorporated into the Bar Date Order and, therefore, Appellants cannot argue that they were unaware of the need to file a claim by the TSN

Bar Date – even if Appellants were under the mistaken belief that the amount of their claim would somehow be affected by the amount of Loral's claim.   Moreover, the Appellants acknowledge that they were active participants in the TSN Debtors' cases as of November 4, 2010 – more than one month before the Bar Date – when they submitted motions for an examiner or equity committee.   [Appellants' Supplemental Submission ¶ 9] (Appendix 13). Appellants' submissions confirm that they knew prior to the TSN Bar Date that they intended to assert their "derivative" claims.   For all of the foregoing reasons, the Bankruptcy Court did not abuse its discretion in failing to reconsider its order disallowing the Swarts TSN Claim as late-filed.

**C.   The Appellants Cannot Withdraw the Reference with Respect to the Swarts TSN Claim to the District Court.**

In the Supplemental Submission, the Appellants "move that the Swarts Claims be Withdrawn from the bankruptcy court under 157(d) and considered *de novo* by the U.S. District Court." [Appellants' Supplemental Submission ¶ 58] (Appendix 13). To the extent that the Appellants are seeking to withdraw the reference with respect to the Swarts Claims, the request must be denied.   A motion to withdraw the reference must be timely made and will be denied if it is requested after the proceedings in the bankruptcy court have been substantially advanced. *In re Chateaugay Corp.*, 104 B.R. 622, 624 (S.D.N.Y. 1989) ("[c]ourts have established a requirement that the motion to withdraw the reference be made at the first reasonable opportunity as evaluated within the specific factual context presented").   Certainly, Appellants may not withdraw the reference with respect to claims that have already been finally adjudicated by the Bankruptcy Court.   *See* 9 *Collier on Bankruptcy* ¶ 5011.01[1][c] ("A motion for withdrawal of reference may not be used as a substitute for appeal of an order of the bankruptcy court.").

16

## CONCLUSION

For the reasons set forth above, it is clear that the Bankruptcy Court acted well within its discretion and fully in accord with the Bankruptcy Code and applicable law in denying the Appellants' request to reconsider its order disallowing the Swarts TSN Claim. The TSN Liquidating Trustee respectfully requests that the Bankruptcy Court's Reconsideration Order be affirmed and all other requests for relief by the Appellants be denied.

Respectfully submitted,

New York, New York
Dated:   August 8, 2013

/s/ *David M. Posner*

OTTERBOURG, STEINDLER,
HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169
(212) 661-9100 (Telephone)
(212) 682-6104 (Facsimile)
David M. Posner
Kevin Zuzolo

*Counsel to the TSN Liquidating Trustee*